```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DEBORAH L. WILSON                            CIVIL ACTION

VERSUS                                       NO: 07-5984

AMERICAN SECURITY INSURANCE                  SECTION: J(5)
COMPANY
```

**ORDER**

Before the Court is **Defendant American Security Insurance Company's Motion for Summary Judgment, or, in the Alternative, Motions for Partial Summary Judgment (Rec. Doc. 30)** and **Defendant American Security Insurance Company's Motion to Disqualify Plaintiff's Putative Expert (Rec. Doc. 31).** These motions, which are opposed, were set for hearing on June 25, 2008 on the briefs.

This matter arises out of a claim under a lender-placed policy issued by Defendant to Plaintiff's mortgage company, Citi Mortgage, Inc. ("Citi"). Because the Court finds that genuine issues of material fact exist, a grant of summary judgment as to Plaintiff's case in its entirety is precluded. However, the Court concludes that Plaintiff's recovery under the policy issued by Defendant should be offset by the total amount recovered under her flood policy with State Farm Mutual and Fire Insurance Company, rendering a grant of partial summary judgment on this ground proper.

As to Plaintiff's claims for statutory penalties and attorneys' fees, such issues will be resolved at the trial of this matter. Therefore, Defendant's motion for summary judgment is denied on this ground.

Finally, with regard to Defendant's Motion to Disqualify Plaintiff's Putative Expert (Rec. Doc. 31), the purpose of <u>Daubert</u> is "to ensure that only reliable and relevant expert testimony is presented to the jury." <u>Rushing v. Kansas City Southern Ry. Co.</u>, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing <u>Daubert v. Merrel Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 590-93 (1993). Thus, "[m]ost of the safeguards provided for in <u>Daubert</u> are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." <u>Gibbs v. Gibbs</u>, 210 F.3d 491, 500 (5th Cir. 2000). "<u>Daubert</u> requires a binary choice-admit or exclude-and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." <u>SmithKline Beecham Corp. V. Apotex Corp.</u>, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is set for bench trial, and thus that the objectives of <u>Daubert</u>, upon which Defendant's motion is premised, are no longer implicated, the Court finds that the motion to disqualify Plaintiff's putative expert should be denied at this time. Furthermore, "[v]igorous cross-examination,

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.  Accordingly,

**IT IS ORDERED** that **Defendant American Security Insurance Company's Motion for Summary Judgment (Rec. Doc. 30)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Alternative Motions for Partial Summary Judgment (Rec. Doc. 30)** are hereby **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that **Defendant American Security Insurance Company's Motion to Disqualify Plaintiff's Putative Expert (Rec. Doc. 31)** is hereby **DENIED.**

New Orleans, Louisiana this 3rd day of July, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE